## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LINDA SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-17-236-JHP-SPS** |
| | ) | |
| **COMMISSIONER of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

The claimant Linda Smith requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R.

§§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision

to two inquiries: whether the decision was supported by substantial evidence and whether

correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th

Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

*NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.

1996).  The Court may not reweigh the evidence or substitute its discretion for the

Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800

(10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality

of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born May 25, 1972, and was forty-three years old at the time of the administrative hearing (Tr. 29, 173).  She completed the twelfth grade, and later earned a medical transcription degree online, and has worked as a hospital cook, restaurant cook, waitress, and fast food crew worker (Tr. 19, 202).  The claimant alleges that she has been unable to work since April 1, 2013 due to pain in her hips and legs, numbness and discoloration in her legs, and numbness in her hands and arms (Tr. 201).

## Procedural History

On April 17, 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-8.  Her applications were denied.  ALJ David Engel held an administrative hearing and determined the claimant was not disabled in a written opinion dated January 28, 2016 (Tr. 12-21).  The Appeals Council denied review, so the ALJ's opinion represents the Commissioner's final decision for purposes of this appeal.  *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He found that the claimant had the RFC to lift/carry/push/pull at the sedentary level of exertion; that she could stand/walk two hours combined total in an eight-hour workday, with regular breaks; and that she could sit for six hours total in an eight-hour workday, with regular work breaks.

Additionally, he found that she could occasionally climb ramps or stairs, bend, stoop, crouch, and crawl, and that she could not climb ropes, ladders, and scaffolds, or work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts. Furthermore, he found that she was unable to perform tasks requiring more than occasional overhead reaching or use of foot pedals. Finally, he found that she was able to understand, remember, and carry out simple through moderately detailed instructions (but not detailed or complex instructions on a sustained basis) and was able to interact with co-workers and supervisors under routine supervision (Tr. 17). The ALJ therefore concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work that she could perform in the economy, *e. g.*, touch-up screener, addresser, order clerk, and final assembler (Tr. 19-21).

## Review

The claimant contends that the ALJ erred by: (i) improperly evaluating her credibility, and (ii) failing to properly assess her RFC. The undersigned Magistrate Judge finds these contentions unpersuasive for the following reasons.

The ALJ determined that the claimant had the severe impairments of arthralgia of the pelvis, hips, and femurs (Tr. 16). The medical evidence reflects that the claimant was treated for recurring complaints of pain in her hips, and that she was diagnosed with arthralgia of the pelvis/hip/femur (Tr. 288-290). A January 2014 x-ray of the hips was unremarkable (Tr. 292). Further treatment notes were largely for lab results or x-ray follow up, but the claimant reported in December 2014 and on July 10, 2015 that her legs were going numb, her hip felt out of socket, and that she had pain with walking and standing

4

(Tr. 318-323, 324, 327).  She was also assessed with depression at that appointment (Tr. 325).

On November 5, 2014 Dr. John Marlar completed a physical examination of the claimant (Tr. 306).  Upon exam, she had 4/4 grip strength and heel/toe walking was normal, but she walked with a cane (Tr. 307-308).  He diagnosed the claimant with bilateral hip pain, leg pain, and thyroid disease (Tr. 308).  He further pointed out that her hip range of motion was equal and normal bilaterally, and that there were no clicks, grinding, cogwheeling, or crepitus, and that a recent x-ray had revealed no abnormalities (Tr. 308).

On December 16, 2014, a physician's assistant wrote a letter stating that the claimant needed to use her rolling walker to reduce falls, due to her unsteady gait (Tr. 310). A year later, she wrote another letter stating that the claimant had bilateral hip pain with increased pain with movement, which limited her ability to walk, stand, or sit for extended periods (Tr. 338).  X-rays in 2015 revealed a normal right hip, normal left hip, unremarkable radiographic evaluation of the lumbar spine, and a normal right femur (Tr. 312-315).

On July 31, 2014, Todd Graybill, Ph.D., conducted a mental status examination of the claimant, and his diagnostic impression was adjustment disorder with depression (Tr. 296-298).

State reviewing physicians determined that the claimant could perform medium work with no additional limitations, noting the complaints of bilateral hip pain but lack of supporting test results (Tr. 77-78, 99-100).

At the administrative hearing, the claimant testified that one of her doctors had advised her to get a walker because she was falling while using a cane (Tr. 38). She further testified that she does not drive, but that she does her own laundry and sometime cooks (Tr. 38-39, 44-45). The claimant also stated that she could stand for ten minutes, walk a little longer, and sit about twenty minutes at a time (Tr. 48-50).

The claimant first contends that the ALJ erred in analyzing her credibility because he improperly relied on minimal daily activities and failure to obtain seizure medication, *i. e.*, noncompliance. Under the applicable standard at the time of the ALJ's decision, a credibility determination would be entitled to deference unless there is some indication that the ALJ misread the medical evidence as a whole. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991). An ALJ could disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But the ALJ's credibility findings were required to be "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [citation omitted]. A credibility determination "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996). In this case, the Court finds that the ALJ set out the appropriate credibility factors, and cited evidence supporting his reasons for finding that the claimant's subjective complaints were not believable to the extent alleged, *i. e.*, the ALJ gave clear and specific reasons that were specifically linked to the evidence in the record.

6

Specifically, he noted that:  (i) the x-rays and consultative examination, both unremarkable, did not support the pain and discomfort alleged; (ii) there was no documentation for her allegations as to the extent of her physical limitations; and (iii) her allegation of depression was not supported by mental health treatment or documentation.  As such, the ALJ's determination here is entitled to deference and the undersigned Magistrate Judge finds no error in analyzing the claimant's credibility.[2]

Second, the claimant asserts that the ALJ erred in her RFC assessment because the evidence would suggest a more restrictive RFC and the ALJ failed to account for her bilateral leg numbness and pain when walking at times.  The undersigned Magistrate Judge finds that the ALJ did not, however, commit any error in his analysis.  As discussed below, the ALJ noted and fully discussed the findings of the claimant's various treating, consultative, and reviewing physicians, and his opinion clearly indicates that he adequately considered the evidence in reaching his conclusions regarding the claimant's RFC.  *See Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding.  We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

---

[2]  The undersigned Magistrate Judge notes that the Social Security Administration eliminated the term "credibility" in Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and has provided new guidance for evaluating statements pertaining to intensity, persistence, and limiting effects of symptoms in disability claims.  The undersigned Magistrate Judge finds that even under the new standard, the ALJ properly evaluated the claimant's credibility.

In his written opinion, the ALJ summarized the claimant's testimony and much of the medical evidence. Specifically, he noted the claimant's records from the clinic where she received most of her treatment, as well as the multiple normal x-rays, and Dr. Marlar's largely unremarkable physical consultative examination (Tr. 18-19). He found that the claimant's testimony was not consistent with the evidence in the record, and assigned little weight to the state reviewing physician opinion that the claimant could perform medium work (Tr. 19). Moreover, he noted the claimant's use of an assistive device persuaded him that she needed a limitation to standing/walking two hours total in an eight-hour workday (Tr. 19).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). It is true that the ALJ's conclusions "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003), *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). But here, the ALJ's treatment of the medical evidence in this case meets these standards. The undersigned Magistrate Judge finds that the ALJ specifically noted the various findings of the claimant's treating, consultative, and reviewing physicians, *adopted* any limitations suggested in the medical record, *and still*

8

*concluded* that she could perform sedentary work.  *See Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding.  We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).  The claimant's assertion, without more, that she is more limited than the ALJ found, is insufficient to warrant remand.  The undersigned Magistrate Judge thus finds no error in the ALJ's failure to include any additional limitations in the claimant's RFC.  *See, e. g., Best-Willie v. Colvin,* 514 Fed. Appx. 728, 737 (10th Cir. 2013) ("Having reasonably discounted the opinions of Drs. Hall and Charlat, the ALJ did not err in failing to include additional limitations in her RFC assessment.").

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct.  The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 24th day of August, 2018.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

9